**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
UNITED STATES

               -against-                    **ORDER**
                                                  9-CR-515 (ADS)

LEONARD TYSON, JR.
                      Defendant.
-----------------------------------------------------------X

**APPEARANCES:**

**The United States Attorney's Office**
610 Federal Plaza
Central Islip, NY 11722
        By: Charles N. Rose, Assistant U.S. Attorney
            Nicole Boeckmann, Assistant U.S. Attorney

**The Federal Defenders of New York**
*Attorney for the Defendant*
770 Federal Plaza
Central Islip, NY 11722
        By: Tracey E. Gafney, Esq., Trial Attorney

**SPATT, District Judge**.

On October 24, 2010, the Defendant Leonard Tyson, Jr. (the "Defendant") pleaded guilty to one count of conspiracy to distribute five or more kilograms of cocaine in violation of 21 U.S.C. §§ 841, 846.

On November 18, 2011, at the time of sentencing, the Court determined the Defendant's advisory sentencing range under the United States Sentencing Guidelines Manual (the "Sentencing Guidelines"). Specifically, the Court determined that: (i) the Defendant had a base offense level of thirty-two under Section 2D1.1 of the Guidelines based on the weight of the narcotics involved in the offense; (ii) a two level enhancement based on two firearms discovered at the scene of the crime, which were allegedly owned by the Defendant; and (iii) a three level reduction for the Defendant's acceptance of responsibility. As a result, the Court found that the

1

Defendant had a total offense level of thirty-one. Based on the Defendant's prior criminal history, the Court determined that he fell into Criminal History Category IV, resulting in an advisory Guidelines range of 155 to 188 months.

On November 18, 2011, the Court then sentenced the Defendant to 135 months of incarceration, below the advisory Guidelines range, followed by five years of supervised release.

Effective November 1, 2014, the United States Sentencing Commission (the "Sentencing Commission") adopted Amendment 782, which modified Section 2D1.1 of the Sentencing Guidelines to lower the Sentencing Guidelines' sentencing range for certain categories of drug-related offenses ("Amendment 782"). The Sentencing Commission then adopted Amendment 788 ("Amendment 788"), also effective November 1, 2014, which authorized retroactive application of Amendment 782 to those sentenced before its effective date. Amendment 788 also specifies that no incarcerated defendant can be released pursuant to Amendment 788 prior to November 1, 2015. Furthermore, the "court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e)(1).

On June 26, 2015, the Defendant filed a motion under Section 3582(c)(2) of Title 18 of the United States Code ("Section 3582(c)(2)") for a sentence reduction pursuant to Amendments 782 and 788 asking that the Defendant's sentence be reduced from 135 months to 121 months.

The Probation Department made a submission to the Court indicating its determination that the Defendant is eligible for a sentencing reduction under Amendments 782 and 788.

On July 3, 2015, the Government filed a letter with the Court stating that "the [D]efendant qualifies for resentencing under the statute and the new Guidelines range for the

[D]efendant . . . is 121 to 151 months." The Government further indicated that it "does not oppose the [D]efendant's request for a sentence reduction from 135 months to 121 months."

## II. DISCUSSION

Under Section 3582(c)(2):

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582.

In Dillon v. United States, 560 U.S. 817, 821, 130 S. Ct. 2683, 2688, 177 L. Ed. 2d 271 (2010), the United States Supreme Court outlined a two-step approach for a district court to apply when determining whether to grant a defendant's motion pursuant to Section 3582(c)(2) to reduce his or her sentence. First, the district court must determine the "amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b); see also Dillon, 560 U.S. at 821, 177 L. Ed. 2d 271. Second, a district court must "consider any applicable [18 U.S.C. § 3553(a)] factors and determine[s] whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. at 827, 177 L. Ed. 2d 271. So that Section 3553(a) directs a court to consider factors, such as, "the nature and circumstances of the offense" and the "history and characteristics of the defendant."

In order to be eligible for a reduction, "the amended Sentencing Guidelines range must be lower than the range that was applied at sentencing[.]" United States v. Vargas, No. 05-CR-1327

VM, 2015 WL 708540, at *1 (S.D.N.Y. Feb. 10, 2015); see also U.S.S.G. 1B1.10, App. Note 1(A) ("Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision.").

In addition, "[c]ourts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution." Dylan, 560 U.S. at 822, 177 L. Ed. 2d 271. (quoting U.S.S.G. § 1B1.10(b)(2)(A)). "The only exception to this rule applies if the defendant was sentenced to a term of imprisonment below the Sentencing Guidelines range pursuant to a government motion 'to reflect the defendant's substantial assistance to authorities,' in which case the Court is authorized to grant a reduction comparably less than the amended Sentencing Guidelines range." Vargas, 2015 WL 708540 at *1 (quoting U.S.S.G. § 1B1.10(b)(2)(A)).

As to the first step of the analysis, the Court finds that the Defendant is eligible for a sentence reduction under Amendments 782 and 788. As noted above, the Court's determination of the Defendant's total offense level was based on the Court's application of Section 2D1.1(a)(5), which was amended by Amendment 782. Further, the Defendant was not subject to a mandatory minimum in excess of the applicable Sentencing Guidelines range, nor was he sentenced as a "career offender" under Section 4B1.1 of the Sentencing Guidelines. Therefore, had Amendment 782 been in effect at the time of the Defendant's sentencing, the Defendant would have been sentenced to a Guidelines range of 121 to 151 months instead of 155 to 188 months.

As to the second step of the analysis, the Court finds that the Section 3553(a) factors weigh in favor of reducing the Defendant's sentence. Of particular concern to the Court is the need "to protect the public from further crimes of the defendant." The Defendant has a lengthy criminal record. However, his prior convictions within the past ten years of the instant offense have been for non-violent offenses for possession of a controlled substance, driving with a suspended license, and driving while intoxicated. Although the Court views these offenses as serious, they do not reflect the type of violent behavior that poses an unduly future great risk of harm to the public.

Moreover, in considering the Defendant's eligibility for a reduction, the Court may also consider the "post-sentencing conduct of the defendant." U.S.S.G. 1B1.10, App. Note 1(B)(iii). Here, according to the submission by the Probation Department, the Defendant has only received one disciplinary sanction during his nearly four years of incarceration. Specifically, the Defendant was sanctioned for being found in an "unauthorized area." He was not sanctioned for the type of violent behavior that would give the Court pause in reducing the Defendant's term of imprisonment by fourteen months.

Therefore, based on Amendments 782 and 788 and its consideration of the Section 3553(a), the Court finds that a sentence reduction is warranted, and the Defendant's motion is granted.

### III. CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED**, that the motion by the Defendant for a sentence reduction pursuant to Amendments 782 and 788 of the Guidelines is granted; and it is further

**ORDERED**, that effective on November 1, 2015, the offense level of the Defendant applicable to this action is reduced to 29 and his sentence is reduced to 121 months of imprisonment; and it is further

**ORDERED**, that this sentence reduction is conditioned upon the Defendant not engaging in behavior constituting assault or violence while incarcerated prior to November 1, 2015.

**SO ORDERED**
Dated: Central Islip, New York
July 7, 2015

                                          _/s/ Arthur D. Spatt_____
                                             ARTHUR D. SPATT
                                          United States District Judge